IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZAN GREEN,                               §
                                         §
              Plaintiff,                 §
                                         §
V.                                       §        No. 3:14-cv-3742-N-BN
                                         §
BUCKLEY MADOLE, P.C., ET AL.,            §
                                         §
              Defendants.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States Magistrate Judge

for pretrial management pursuant to 28 U.S.C. § 636(b). Plaintiff Zan Green filed a

Motion to Remand Due to Lack of Subject Matter Jurisdiction ("Motion"). *See* Dkt. No.

23. The undersigned issues the following findings of fact, conclusions of law, and

recommendation that Defendant Buckley Madole, P.C. ("Buckley") is an improperly

joined defendant and, therefore, Plaintiff's remand motion [Dkt. No. 23] should be

denied.

**Background**

On March 2004, Plaintiff Zan Green entered into a mortgage loan by which she

promised to pay $33,700.00. *See* Dkt. No. 1-1 at 86-91 (the "Note"). Plaintiff's Note was

secured, through a Deed of Trust (the "Deed of Trust"), by property located at 9110

Esplanade Drive, Dallas, Texas (the "Property"). Under the Deed of Trust, the Property

could be foreclosed on if Plaintiff defaulted on her payment obligations under the Note.

*See id.* at 92-94, 104. Defendant JPMorgan Chase Bank, N. A. ("Chase") initiated

foreclosure proceedings on the property due to Plaintiff's default. *See id.* at 125-126.
Though Plaintiff does not dispute that she defaulted on her payment obligations, she
has brought two lawsuits seeking to enjoin the foreclosure of the Property. *See* Dkt. No.
1-1 at 59-71; *Green v. Taherzadeh*, No. 3:11-cv-1498-N-BN (N.D. Tex.).

In the above-styled action, Plaintiff seeks to enjoin the Property's foreclosure
and alleges that Chase – a citizen of Ohio – and Buckley – a Texan corporation serving
as Chases' foreclosure counsel – violated the Texas Fair Debt Collections Practices
("TCPA") and Deceptive Trade Practices Acts ("DTPA"). *See* Dkt. No. 1-1 at 66-69.

Plaintiff originally filed her Verified Amended Petition ("Petition") in the 134th
Judicial District in Dallas County, Texas. *See id.* at 59-74. Chase timely removed this
case to federal court on the basis of diversity jurisdiction asserting that Buckley, the
only non-diverse entity, was improperly joined because it is immune from liability for
acts it took as foreclosure counsel. *See* Dkt. No. 1 at 5. Chase also asserts that
Buckley's consent to removal is not required because it was improperly joined. *See id.*

Plaintiff filed a Motion for Remand Due to Lack of Subject Matter ("Motion"),
citing insufficient diversity. *See* Dkt. No. 24. Chase filed a response, *see* Dkt. No. 26,
which Buckley sought to join, *see* Dkt. No. 27. Plaintiff did not file a reply, and her time
to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(f).

## Legal Standards

Federal courts have an independent duty to examine their own subject matter
jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999);
*McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court

may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447©.

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). A district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc)

(describing the "heavy burden" on the party asserting improper joinder and noting that, "until the removing party does so, the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the non-diverse defendant. *See Smallwood*, 385 F.3d at 573.

Because there is no dispute or allegation of actual fraud concerning the fact that both Plaintiff and Buckley are Texas citizens, the sole concern in this case is whether, as a matter of law, Plaintiff can establish a valid state-law cause of action against Buckley. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Therefore, this Court must determine whether Chase has demonstrated that there is no reasonable basis to predict that Plaintiff might be able to recover against Buckley. *See Smallwood*, 385 F.3d at 573. In making this determination, the undersigned will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n .8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)).

## Analysis

Whether the Court should remand this case turns on Buckley's immunity from the allegations and claims set forth in Plaintiff's Petition. Therefore, the undersigned

begins the analysis with a review of the allegations set forth by Plaintiff against Buckley.

Plaintiff alleges that Buckley made false statements in its September 15, 2014 Notice of Acceleration ("Notice"). *See* Dkt. No. 1-1 at 63, 66. In the Notice, Buckley indicates that it represents Chase in a "non-judicial foreclosure processing in accordance with the terms of the Note and Deed of Trust." *Id.* at 125. The Notice also lists Mortgage Electronic Registration Systems, Inc. as the original mortgagee; Chase as the current mortgagee and beneficiary; and Shelly Ortolani, Mary Mancuso, Robert Ortolani, Michele Hreha, Cristina Camarata, Sammy Hooda, Michael Burns, Alexander Wolfe, Susanne Suarez, and Adam Womack as substitute trustees. *See id.* at 126. Plaintiff contends that Buckley's representations regarding the original mortgagee, current mortgagee and beneficiary, and substitute trustees are false and constitute violations of the TCPA and DTPA. *See id.* at 66-69.

Chase asserts that Buckley is immune from liability – and thus improperly joined – because it sent the Notice in discharge of its duty as foreclosure counsel. *See* Dkt. No. 1 at 2-6. In Texas, a law firm has immunity for "its acts as foreclosure counsel." *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x. 274, 278 (5th Cir. 2004); *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App. – Houston [14th Dist.] 2000, pet. denied) ("attorney's conduct is not actionable even if it is frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client."). In *Rojas*, the plaintiff appealed the district court's dismissal of her TCPA, DTPA, and other claims against a foreclosure

counsel, who allegedly misrepresented the holder of the note and substitute trustee in its foreclosure notices. *See Rojas v. Wells Fargo Bank, N.A.*, No. 1:13-cv-00291-SS, Dkt. No. 16 at ¶¶10-12 (W.D. Tex. May 17, 2013). The United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal and held that the foreclosure counsel were immune from liability and, therefore, improperly joined. *See Rojas*, 571 Fed. App'x. at 278.

Although Plaintiff concedes that she joined Buckley to this action as Chase's foreclosure counsel and that her claims are "based on [Buckley's] conduct in attempting to conduct a recent nonjudicial foreclosure sale of [the Property]," she argues that Buckley's joinder is proper because she asserts two causes of action against it. *See* Dkt. No. 24 at 4. But the assertion of claims against a defendant does not negate immunity. *See Rojas*, 571 Fed. App'x. at 278. It would be nonsensical if the opposite were true as there would be no need for immunity if no cause of action was asserted. Here, as in *Rojas*, even evaluating all factual allegations in Plaintiff's Petitioner in the light most favorable to Plaintiff and resolving all contested issues of substantive fact in Plaintiff's favor, Plaintiff's claims against Buckley are made against it as foreclosure counsel. Accordingly, there is no reasonable basis to predict that Plaintiff might be able to recover against Buckley. *See Smallwood*, 385 F.3d at 573.

Plaintiff attempts to overcome Buckley's qualified immunity by relying on *Beard v. Aurora Loan Services*, No. Civ. A. C-06-1142, 2006 WL 1350286 (S.D. Texas May 17, 2006), in which the district court remanded a case with a non-diverse law firm defendant. In *Beard*, the plaintiff alleged that non-diverse defendants, including a law

firm (allegedly acting as a trustee), "foreclosed on his home without cause and failed to give the notice required by law." *Id*. at *7. The district court equivocated on whether the law firm was acting as a substitute trustee or foreclosure counsel but ultimately decided that that inquiry was irrelevant because another non-diverse co-defendant was properly joined. *See id*. at 6 (explaining that "which Law Firm Defendant in particular acted as trustee is irrelevant because this Court cannot exercise diversity jurisdiction if any *one* of the properly-joined defendants is a citizen of the same state as Plaintiff."). The *Beard* matter was remanded because another non-diverse defendant was properly joined and not because the law firm lost its immunity. *Beard* does not stand for the proposition that a law firm loses its immunity for its acts as foreclosure counsel.

Further, no facts support Plaintiff's new assertion that Buckley sent the Notice as a substitute trustee. For the first time in her Motion, Plaintiff alleges that Buckley acted as "trustee under the Deed of Trust for [the Property]." Dkt. No. 24 at 4. Neither Plaintiff's Petition nor the Notice, upon which her claims against Buckley are based, allege or suggest that Buckley was acting as a substitute trustee or anything other than Chase's foreclosure counsel. In fact, the Notice lists several individuals – not Buckley – as substitute trustee. And a party generally cannot obtain remand of a case based on allegations that are raised for the first time after removal. *See generally Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260-61 (5th Cir. 1995). Therefore, Plaintiff's argument regarding the viability of claims against a substitute trustee are not relevant to any claims against Buckley.

The undersigned recognizes that Chase has a heavy burden to prove that Buckley is immune from Plaintiff's causes of action. But the undersigned concludes that Chase has met this burden.

Because Buckley is immune and thus improperly joined as a party against whom Plaintiff cannot establish a cause of action in state court, Buckley's consent was not required for removal, *see Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), and Buckley should be dismissed, *see Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F.Supp.2d 577, 588 (S.D. Tex. 2012) (where non-diverse party found to be improperly joined is dismissed); *Adams v. Chase Bank*, No. 3:11–cv–3085–M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. June 12, 2012) (same). And, because, with Buckley's dismissal, complete diversity of citizenship exists, the Court should deny Plaintiff's remand motion [Dkt. No. 23].

## Recommendation

The Court should deny Plaintiff's Motion to Remand Due to Lack of Subject Matter Jurisdiction [Dkt. No. 23] and conclude that Defendant Buckley Madole, P.C. was improperly joined, that Defendant Buckley Madole, P.C.'s consent was not required for removal, that Defendant Buckley Madole, P.C. should be dismissed from this action, and that, with Defendant Buckley Madole, P.C.'s dismissal, complete diversity of citizenship exists, and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 5, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE