IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAN GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3742-N-BN |
| | § | |
| BUCKLEY MADOLE, P.C., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") has moved to dismiss Plaintiff Zan Green's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). Dkt. No. 6. Plaintiff filed a response, *see* Dkt. No. 22, and Defendant filed a reply, *see* Dkt. No. 25. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that JPMC's Motion to Dismiss [Dkt. No. 6] should be granted with prejudice.

**Background**

On March 2004, Plaintiff Zan Green entered into a mortgage loan by which she promised to pay $33,700.00. *See* Dkt. No. 1-1 at 86-91 (the "Note"). Plaintiff's Note was secured, through a Deed of Trust (the "Deed of Trust"), by property located at 9110 Esplanade Drive, Dallas, Texas (the "Property"). Under the Deed of Trust, the Property

could be foreclosed on if Plaintiff defaulted on her payment obligations under the Note. *See id*. at 92-94, 104. JPMC initiated foreclosure proceedings on the property due to Plaintiff's default. *See id*. at 125-26. Though Plaintiff does not dispute that she defaulted on her payment obligations, she has brought two lawsuits challenging JPMC's authority to foreclose and seeks to enjoin the foreclosure of the Property. *See* Dkt. No. 1-1 at 59-74; *Green v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-1498-N-BN (N.D. Tex.) ("*Green I*").

In the *Green I* matter, Plaintiff challenged, among other things, JPMC's authority to enforce the Note and foreclose on the Property. *See* Dkt. No. 57, No. 3:11-cv-1498-N-BN (N.D. Tex.). On April 8, 2013, United States District Judge David C. Godbey granted summary judgment to JPMC and found that it has authority to enforce the Note and foreclose on the Property. *See Green v. JP Morgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 862-863 (N.D. Tex. 2013), *aff'd*, 562 F. App'x 238 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 220 (2014).

In the above-styled action, Plaintiff once again challenges JPMC's authority to foreclose on the Property. She also names Buckley Madole, P.C., JPMC's foreclosure counsel, as a co-Defendant. Plaintiff asserts claims under the Texas Fair Debt Collections Practices Act ("TDCPA") and Deceptive Trade Practices Act ("DTPA") against Buckley Madole, P.C. alone. *See* Dkt. No. 1-1 at 66-69; Dkt. No. 22 at § II (explaining that the TDCPA and DTPA "causes of action are not pled against JPMC"). Plaintiff also requests that the court enjoin JPMC and Buckley Madole, P.C. from foreclosing on the Property due to her appeal of the *Green I* summary judgment ruling

"before the United States Supreme Court." Dkt. 1-1 at 69. Plaintiff only seeks injunctive relief from JPMC. Dkt. 1-1 at 69-70. The 134th District Court of Dallas County, Texas granted Plaintiff's Application for a Temporary Restraining Order. *See id.* at 137-138. JPMC removed this matter to this Court on October 20, 2014 – one day before the scheduled temporary injunction hearing. The Court then denied an emergency motion for a temporary restraining order. *See* Dkt. Nos. 17 & 20.

JPMC filed its Motion to Dismiss on October 28, 2014. *See* Dkt. No. 6. Plaintiff responded to the Motion ("Response") on December 8, 2014. *See* Dkt. No. 22. In her Response, Plaintiff requests leave to amend her pleading to assert a fraud on the court claim against JPMC. *See id.* at 5, 7. JPMC filed its Reply in support of the Motion on December 12, 2014. *See* Dkt. No. 25.

On February 5, 2015, the undersigned entered findings recommending the dismissal of Buckley Madole, P.C., the only non-diverse entity, because it was improperly joined. *See* Dkt. No. 28.

The undersigned concludes that JPMC's Motion to Dismiss should be granted with prejudice because Plaintiff's request for injunctive relief does not accompany an underlying claim against JPMC and her proposed amendment is barred by res judicata.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To

state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss," under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby,*

*Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. And, while the Court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## Analysis

Plaintiff asserts TDCPA and DTPA claims and requests injunctive relief pending her appeal of the *Green I* summary judgment ruling. *See* Dkt. No. 1-1 at 59-74. Plaintiff concedes that her TDCPA and DTPA claims are not pled against JPMC and instead concern the conduct of Defendant Buckley Madole, P.C. *See* Dkt. No. 22 at 6. Plaintiff only seeks injunctive relief from JPMC. *See* Dkt. 1-1 at 69-70.

Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Because Plaintiff asserts no underlying cause of action against JPMC, her request for injunctive relief

cannot survive and should be dismissed. *See Johnson v. Wells Fargo Bank, NA.*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014); *accord Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Furthermore, Plaintiff's request for injunctive relief pending her appeal of the *Green I* summary judgment decision is moot as the appeal concluded with the Supreme Court's denial of certiorari. *See Green v. JP Morgan Chase Bank, N.A.*, 135 S. Ct. 220 (2014); *see generally* FED. R. APP. P. 41.

While Plaintiff explains that she intends to assert a claim regarding JPMC's alleged fraud on the court, *see* Dkt. 22 at 5, 7, no such claim exists in her current pleading, *see* Dkt. 1-1 at 59-74. To determine a Rule 12(b)(6) motion, the Court cannot look beyond the pleadings. *See Spivey*, 197 F.3d at 774. As such, Plaintiff's intended but unasserted claim will not defeat JPMC's Motion to Dismiss.

Further, the Court should not grant Plaintiff leave to assert her intended claim because it is barred by res judicata. In her Response, Plaintiff requests leave to amend her pleadings to include a fraud on the court claim against JPMC. *See* Dkt. No. 22 at 6-8. Plaintiff argues that JPMC's alleged fraud raises doubt regarding its ability to enforce the Deed of Trust and foreclose on the Property. *See id.* at 5.

Though courts should liberally grant parties leave to amend, they have discretion to deny leave if the amendment is futile. *See Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The United States Court of Appeals for the Fifth

Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873. To determine futility the Court must apply the same standard it applies under Rule 12(b)(6). *See id.*

Claims barred by res judicata are futile. *See Longman v. Physicians Res. Group, Inc.*, No. 3:97-cv-3102-L, 2003 WL 22244675, at *7 (N.D. Tex. Sept. 30, 2003). The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See id.*; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

To determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

JPMC was also a named defendant in the *Green I* matter. *See* 937 F. Supp. 2d 849. This Court in *Green I* – a court of competent jurisdiction – rendered summary judgment against Plaintiff and in favor of JPMC – the same parties to the proposed amended claim here – and ruled that JPMC has authority to foreclose on the Property. *See id.* at 861. Plaintiff concedes that this ruling was final. *See* Dkt. No. 22 at 2. In fact, Plaintiff notes that, "[i]n light of the current procedural posture of this case, which has changed significantly since Green filed her original petition and request for a temporary restraining order several months ago, Green intends to file a motion under Rule 60 concerning her fraud on the court claim" – presumably in the *Green I* matter. *Id.* at 5.

And Plaintiff's proposed claim is based on information on events and documents from 2004, which could have been raised in the *Green I* suit, and, although Plaintiff asserts otherwise, the proposed claim turns on facts and JPMC's alleged conduct that predate the Court's entry of summary judgment in *Green I* in 2013. *See id.* at 2-3, 5; Dkt. No. 1-1 at 79-84. As such, Plaintiff could only prevail in her proposed fraud on the

-8-

court claim by showing that the *Green I* court erred in its judgment, *see Test Masters*, 428 F.3d at 571, and, even if the claim were not barred by claim preclusion, the issue of whether JPMC has authority to foreclose on the Property would appear to be the same on this proposed claim as it was in *Green I*, giving rise to issue preclusion, *see id*. at 572-76.

Consequently, permitting Plaintiff to amend to add her proposed "fraud on the court" claim in this action would be futile where the claim would be barred by res judicata because it merely seeks to re-litigate JPMC's authority to foreclose on the Property.

## Recommendation

JPMC's Motion to Dismiss [Dkt. No. 6] should be GRANTED with prejudice because Plaintiff asserts no underlying cause of action against JPMC to support her request for injunctive relief and because her proposed amended claim is barred by res judicata.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE